IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| CHRISTOPHER GAUL, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-288-GMS |
| | ) |
| PHIL MORGAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Christopher Gaul ("Gaul"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3, 6.) The court proceeds to review and screen the complaint.

## I. BACKGROUND

On August 10, 2012, Gaul received an updated status sheet with his new sentence which indicated that he had a no-contact order with Christopher Akers ("Akers"), his co-defendant. (D.I. 3, exs. C, D.) Akers was placed on Gaul's pod on August 17, 2012. (*Id.* at ex. C.) Gaul informed C/O Bowerly ("Bowerly")[2] and nothing was done, so he informed the 8-12 shift and, the next day, the 8-4 and 4-12 shifts. Nothing was done. On August 19, 2012, Gaul and Akers had an argument and Bowerly locked everyone down. Bowerly called the defendants Lt. Garland Williams ("Williams") and Sgt. Radcliff Charles ("Charles") and they spoke to Akers and placed

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Bowerly is not a defendant.

Akers on the movement sheet. Gaul was the head tier man, and that afternoon he was let out of his cell during the 4-12 shift so that he could serve chow. After serving chow, Akers attacked him. The defendant C/O Zella Jones ("Jones") saw the inmates arguing and, before she could reach them, Akers punched Gaul in the face. (*Id.* at ex. B.) Gaul defended himself. Jones ordered both inmates to stop fighting; they did not and she sprayed Vexor (a brand name for pepper spray) towards the inmates. Akers was bleeding from the nose and escorted to the infirmary. Gaul was moved to disciplinary housing.

Gaul received a disciplinary report for fighting, was found guilty, and received nine points. (*Id.* at exs. B, C.) Gaul submitted a grievance and was told by the defendant Michael Deloy ("Deloy") that his issues with classification and discipline were non-grievable because they have their own appeal process. (*Id.* at ex. D.) In addition, DeLoy advised Gaul that there was no information on his commitment paperwork to indicate there was a no-contact order and that the no-contact order was not received by the Delaware Department of Correction ("DOC") and entered into the system until August 20, 2012, the day after the incident. (*Id.*) Gaul appealed the change in his classification to the defendant former HRYCI Warden Phil Morgan ("Morgan"),[3] received a copy from the defendant Ann Downing ("Downing"), the warden's secretary, who then forwarded the appeal to the defendant Jenifer Barnes ("Barnes"), a classification counselor. Nothing was done. In addition, Gaul wrote to the defendant Deputy Warden Mark Emig ("Emig") who told Gaul there was nothing that he could do. Finally, Gaul wrote to the defendant DOC Commissioner Robert Coupe ("Coupe") complaining of falsified state records.

---

[3] Morgan retired in June 2014. The current warden at the HYRCI is Steven Wesley.

Gaul seeks compensatory damages, injunctive relief, and requests counsel.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Gaul proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on

3

12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Gaul leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Failure to Protect

Gaul alleges that he told Bowerly that there was a no-contact order with Akers. Bowerly relayed the information to Williams and Charles following an argument between Gaul and Akers.

4

In addition, Williams and Charles spoke to Akers following the argument, but Akers remained housed on the pod and was placed on the movement sheet. That afternoon, Akers attacked Gaul and the attack was witnessed by Jones.

To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *see also Griffin v. DeRosa*, 153 F. App'x. 851(3d Cir. 2005) (unpublished). Liberally construing the complaint, as the court must, Gaul has adequately alleged failure to protect claims against Williams and Charles. With regard to Jones, there are no allegations that she was aware of the no-contact order or that Gaul and Akers had argued prior to the August 19, 2012 attack.

Accordingly, Gaul will be allowed to proceed with failure to protect claims against Williams and Charles. The court will dismiss the claims against Jones as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and § 1915A(b)(1).

## B. Classification

The complaint contains numerous allegations directed towards Morgan, Emig, Downing, Barnes, and Coupe with regard to the disciplinary report and Gaul's change in classification following the incident with Akers. It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (Constitution does not give rise to liberty interest in avoiding transfer to more adverse

5

conditions of confinement); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). The custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225. "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). *See also Sandin v. Conner*, 515 U.S. 472, 480 (1995).

"Neither Delaware law nor the Delaware Department of Corrections regulations create a liberty interest in a prisoner's classification within an institution." *Riley v. Carroll*, 200 F. App'x 157, 158 (3d Cir. 2006) (unpublished) (citing *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997) ("[T]he State of Delaware has created no constitutionally protected interest in a prisoner's classification.")). Prison officials may reclassify or transfer a prisoner from the general population for any reason or no reason at all. *See Blizzard v. Watson*, 892 F. Supp. 587, 597 (D. Del. 1995).

Gaul cannot state a claim a claim for violation of a liberty interest created by the Due Process Clause or State law with respect to his custody level classification. The claim has no arguable basis in law or in fact and, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## C. Grievance

Gaul complains that he submitted a grievance and was told by DeLoy that the issues he raised were non-grievable. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that Gaul bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a free-standing constitutionally protected right to an effective grievance process. *See Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011 (unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Finally, the denial of a grievance appeal does not in itself give rise to a constitutional claim as Gaul is free to bring a civil rights claim in District Court. *See Winn v. Department Of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (unpublished) (citing *Flick v. Alba*, 932 F.2d at 729).

Gaul cannot maintain a constitutional claim based upon his perception that his grievance was not properly processed, that it was denied, or that the grievance process is inadequate. Therefore, the court will dismiss the claims against DeLoy as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## D. Request for Counsel

Gaul seek counsel to further assist him with this case. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing the plaintiff's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Gaul's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew the request for counsel. Should the need for counsel arise later, one can be appointed at that time.

## IV. CONCLUSION

For the above reasons, Gaul may proceed on the failure to protect claims raised against Garland Williams and Radcliff Charles. The court will dismiss the remaining claims and defendants pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and § 1915A(b)(1) as frivolous. The court

will deny without prejudice to renew Gaul's request for counsel.

An appropriate order will be entered.

/s/ _____
UNITED STATES DISTRICT JUDGE

Sept 22, 2014
Wilmington, Delaware

9